IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| TRAVIS X. C., | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. GJH 18-1210 |
| v. | * |
| | * |
| | * |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

************

**REPORT AND RECOMMENDATION**

Plaintiff Travis C. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 12), Defendant's Motion for Summary Judgment (ECF No. 16), and Plaintiff's "Reply Brief" (ECF No. 18).[2] Under Standing Order 2014-01, this matter has been referred to the undersigned for pretrial management and for proposed findings of fact and recommendations under 28 U.S.C. § 636(b)(1)(B) and L.R. 301(5)(b)(ix). No hearing is necessary. L.R. 105(6). For the reasons

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

that follow, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 16) be **DENIED**, Plaintiff's Motion for Summary Judgment (ECF No. 12) be **GRANTED**, and that the matter be **REMANDED** for an award of benefits.

# I

## Background

Born in 1957, Plaintiff has a high-school education and previously worked as a limousine driver, paralegal, real estate leasing agent, collector, and collections manager. R. at 163, 3950. Plaintiff filed applications for DIB and for Supplemental Security Income ("SSI") on June 30, 2010, alleging disability beginning on September 15, 2008, due to stroke, hypertension, and depression. R. at 9, 162. State agency consultants granted Plaintiff's SSI application as of June 30, 2010. R. at 9, 70, 3936. The Commissioner denied, however, Plaintiff's application for DIB initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 61-82.

ALJ María Alexander Nuñez held a hearing on January 18, 2013, and issued an unfavorable decision on March 18, 2013. R. at 6-60. On May 22, 2013, the Appeals Council denied Plaintiff's request for review. R. at 1-5. Plaintiff sought judicial review in this Court, which, upon the Commissioner's consent, remanded the case on January 15, 2014. R. at 4102-03. The Appeals Council vacated the ALJ's decision and remanded the case to an ALJ on February 24, 2014. R. at 4104-08.

On July 15, 2014, ALJ Theodore P. Kennedy held a hearing at which Plaintiff, a medical expert, and a vocational expert ("VE") testified. R. at 3960-4007. On August 1, 2014, ALJ Kennedy issued a decision finding Plaintiff not disabled from the alleged onset date of disability of September 15, 2008, through the date last insured of March 31, 2009. R. at 3933-59. On

August 26, 2014, Plaintiff filed exceptions to the decision with the Appeals Council, which declined to assume jurisdiction on February 18, 2015. R. at 3915-18, 3928-32. The ALJ's decision thus became the final decision of the Commissioner after remand. *See* 20 C.F.R. § 404.984(b)(2).

On March 12, 2015, Plaintiff sought review of the Commissioner's decision by filing a complaint in this Court, which remanded the case on September 7, 2016. R. at 4404-26. The Appeals Council vacated the ALJ's decision and remanded the case to an ALJ on September 16, 2016. R. at 4427-32.

On April 18, 2017, ALJ Melvin G. Olmscheid held a hearing where Plaintiff, a psychological expert, and another VE testified. R. at 4251-317. On June 15, 2017, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity from his alleged onset date of disability of September 15, 2008, through his date last insured of March 31, 2009; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy. R. at 4226-42. The ALJ thus found that he was not disabled from September 15, 2008, through March 31, 2009. R. at 4242.

In so finding, the ALJ found that, through the date last insured, Plaintiff had moderate limitations in his ability to concentrate, persist, or maintain pace. R. at 4231. The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except he can perform work that only occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes, and scaffolds). He can perform jobs that allow frequent exposure to extreme cold,

3

extreme heat, and irritants such as fumes, odors, dust, gases, and poorly ventilated areas. He needs to avoid hazards. He can perform jobs consisting of simple (1- to 3-step tasks), routine, and repetitive tasks, in a work environment without production rate pace, and with only occasional interaction with co-workers and the public. Time off task during the workday can be accommodated by normal breaks; i.e., he is able to sustain concentration and attention for at least two hours at a time.

R. at 4231-32.

On June 23, 2017, Plaintiff filed exceptions to the decision with the Appeals Council (R. at 4219-20), which declined to assume jurisdiction on April 3, 2018 (R. at 4209-13). The ALJ's decision thus became the final decision of the Commissioner after remand. *See* 20 C.F.R. § 404.984(b)(2). On April 25, 2018, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Under Standing Order 2014-01, this matter has been referred to the undersigned for pretrial management and for proposed findings of fact and recommendations under 28 U.S.C. § 636(b)(1)(B) and L.R. 301(5)(b)(ix). The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the

region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age,

education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

7

1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Among Plaintiff's arguments is his contention that the ALJ failed to explain the ALJ's conclusions how he could sustain work for a full workday and the ALJ's conclusions about his physical limitations that affected his ability to work. Pl.'s Mem. Supp. Mot. Summ. J. 23-24, ECF No. 12-1. As discussed below, it is recommended that the Court deny Defendant's Motion for Summary Judgment (ECF No. 16), grant Plaintiff's Motion for Summary Judgment (ECF No. 12), reverse the Commissioner's final decision, and remand for an award of benefits.

Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's

9

limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, under *Mascio*, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH–14–2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

This Court previously remanded Plaintiff's case because the Court was left to guess how the previous ALJ accounted for Plaintiff's ability to stay on task despite finding that he had moderate difficulties in maintaining concentration, persistence, or pace. R. at 4425. This Court directed the ALJ on remand to "determine on a function-by-function basis how Plaintiff's impairments affect his ability to work for a full workday." R. at 4425 (citing *Monroe*, 826 F.3d at 188). Here, another ALJ again found on remand that Plaintiff had moderate limitations in his ability to concentrate, persist, or maintain pace (R. at 4231) but then found that his "[t]ime off task during the workday can be accommodated by normal breaks; i.e., he is able to sustain concentration and attention for at least two hours at a time" (R. at 4232). The ALJ found that Plaintiff was "able to drive, prepare meals, manage funds, and handle his own medical care." R. at 4231. "When a durational limitation is included, such limitations must consider that the normal 8-hour workday already includes breaks approximately every two (2) hours and provide further explanation as to how that restriction 'adequately accounts for a moderate limitation in the ability to stay on task' or else it does not meet the *Mascio* requirements. *Capps v. Berryhill*, Civil Action No. CBD-17-2438, 2018 WL 4616018, at *5 (D. Md. Sept. 26, 2018) (quoting

*Steele v. Comm'r, Soc. Sec.*, No. MJG-15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016)). Moreover, the ALJ limited Plaintiff's RFC to "a work environment without production rate pace" (R. at 4232), such as on an assembly line (R. at 4235). Absent a definition by the Commissioner of "production rate pace," it is "difficult, if not impossible," for the Court to assess whether substantial evidence supports the inclusion of no production-rate pace in the ALJ's assessment of Plaintiff's RFC. *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019); *see also Perry v. Berryhill*, __ F. App'x __, No. 18-1076, 2019 WL 1092627, at *3 (4th Cir. Mar. 8, 2019); *Butler v. Berryhill*, No. 1:18CV59, 2019 WL 442377, at *11 (N.D. Ind. Feb. 4, 2019) (rejecting Commissioner's argument that ALJ's limiting claimant to work that did not require "production-rate pace (e.g. assembly line work)" adequately described how often claimant would be off task during workday). Finally, the ALJ's limiting Plaintiff's RFC to occasional interaction with co-workers and the public (R. at 4232) does not account for his moderate limitations in his ability to concentrate, persist, or maintain pace. *See Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) ("'Few if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence."); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (per curiam) (rejecting contention that "the ALJ accounted for [the claimant's] limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Bey v. Berryhill*, Civil Action No. CBD-17-2292, 2018 WL 3416944, at *3-4 (D. Md. July 12, 2018). In short, the ALJ failed to account under *Mascio* for Plaintiff's ability to stay on task despite finding that he had moderate limitations in his ability to concentrate, persist, or maintain pace.

The ALJ also failed to explain how, despite Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace (R. at 4231), he could remain on task for more than 80% of an eight-hour workday. According to the VE, an individual would be unable to maintain the demands of unskilled work with a 20% loss of productivity. R. at 4309-10. The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion,'" however. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). In particular, the ALJ "must build a logical bridge between the limitations he finds and the VE evidence relied upon to carry the Commissioner's burden at step five in finding that there are a significant number of jobs available to a claimant." *Brent v. Astrue*, 879 F. Supp. 2d 941, 953 (N.D. Ill. 2012). An ALJ's failure to do so constitutes reversible error. *See Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). In short, the inadequacy of the ALJ's analysis frustrates meaningful review. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 602 (D. Md. 2016) (remanding because ALJ's decision failed to explain how, despite claimant's moderate difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work); *Ashcraft v. Colvin*, No. 3:13-cv-00417-RLV-DCK, 2015 WL 9304561, at *11 (W.D.N.C. Dec. 21, 2015) (remanding under fourth sentence of 42 U.S.C. § 405(g) because court was unable to review meaningfully ALJ's decision

that failed to explain exclusion from RFC assessment an additional limitation of being 20% off task that VE testified would preclude employment).

The ALJ also concluded that Plaintiff could perform "light work" but never explained how he concluded from the evidence in the record that Plaintiff could actually perform the tasks required by "light work," such as lifting up to 20 pounds at a time, frequently lifting or carrying up to 10 pounds, or performing "a good deal of walking or standing." SSR 83-10, 1983 WL 31251, at *5; *see Woods*, 888 F.3d at 694. In this regard, the ALJ again failed to build an accurate and logical bridge from the evidence to his conclusion about Plaintiff's RFC. *See Woods*, 888 F.3d at 694. Thus, the ALJ's "analysis is incomplete and precludes meaningful review." *Monroe*, 826 F.3d at 191.

Generally, "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford*, 734 F.3d at 295 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). It is appropriate, however, to reverse for an award of benefits when "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Here, "[b]ecause the court is left to guess as to how the ALJ concluded that Plaintiff could perform the relevant functions in light of [his] mental limitations, the court [should find] that substantial evidence does not support [the ALJ's] decision." *Scruggs v. Colvin*, No. 3:14-CV-00466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015). Further, this case, which this Court already had remanded twice for further consideration, has been pending for almost nine years. In *Breeden*, for example, the court found that reversing for an award of benefits was appropriate

when a case had been pending in the agency and courts for almost five years and had been remanded once before for additional evidence. *Breeden*, 493 F.2d at 1011. The Court in its discretion should find that remanding for an ALJ to consider Plaintiff's claims yet again would serve no purpose. *See Caraballo v. Berryhill*, No. 4:15-CV-156-BO, 2017 WL 1012985, at *4 (E.D.N.C. Mar. 14, 2017). Because the undersigned recommends that the Court find reversible error for the reasons stated above, the undersigned does not address Plaintiff's remaining arguments. *See Mosley v. Comm'r of Soc. Sec.*, No. 3:14-CV-278, 2015 WL 6857852, at *3 (S.D. Ohio Sept. 14, 2015); *Guthrie v. Astrue*, No. 2:09-CV-00594, 2010 WL 3418263, at *7 (S.D.W. Va. May 27, 2010) ("In light of the undersigned's recommendation of remand, the court need not address the remaining arguments raised by the parties."), *report and recommendation adopted*, No. 2:09-CV-00594, 2010 WL 3418259 (S.D.W. Va. Aug. 27, 2010).

In sum, for the reasons stated above, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment be **DENIED**, Plaintiff's Motion for Summary Judgment be **GRANTED**, the Commissioner's final decision be **REVERSED**, and this matter be **REMANDED** for an award of benefits.

## V

### Recommendation

For the reasons set forth above, it is respectfully recommended as follows:

(1) The Court **DENY** Defendant's Motion for Summary Judgment (ECF No. 16);

(2) The Court **GRANT** Plaintiff's Motion for Summary Judgment (ECF No. 12);

(3) The Court **REVERSE** Defendant's final decision;

(4) The Court **REMAND** this matter for an award of benefits; and

(5) The Court **CLOSE** this case.

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be served and filed within fourteen days under Fed. R. Civ. P. 72(b) and L.R. 301(5)(b). Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen days after being served with a copy of the report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Date: June 7, 2019  /s/
Thomas M. DiGirolamo
United States Magistrate Judge