**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **TRAVIS X. C.,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-18-1210** |
| | * | |
| **ANDREW SAUL,** | * | |
| **Defendant.**[1] | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Travis X. C. seeks judicial review of a final decision of Defendant, the

Commissioner of Social Security ("Commissioner"), finding him not disabled and denying his

application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security

Act, 42 U.S.C. § 401 et seq. ECF No. 1. Pending before the Court are Plaintiff's Motion to Alter

or Amend Judgment, ECF No. 25, Plaintiff's Motion to Expedite, ECF No. 28, and Plaintiff's

Second Motion to Expedite, ECF No. 30. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.

2018). For the reasons that follow, the Plaintiff's Motion to Alter or Amend Judgment is denied,

and Plaintiff's motions to expedite are denied as moot.

**I.      BACKGROUND**

Plaintiff filed applications for DIB and Supplemental Security Income ("SSI") on June

30, 2010. ECF No. 7-3 at 10.[2] He alleged that he had been disabled since September 15, 2008,

due to a stroke, hypertension, depression, panic attacks, and degenerative disc disease in his

---

[1] Andrew Saul is now the Commissioner of Social Security. He is therefore substituted as Defendant in this matter.
*See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated
by that system.

back, neck, and shoulder. ECF No. 7-4 at 2, 13; ECF No. 7-7 at 3; ECF No. 7-22 at 54. Plaintiff's SSI application was approved as of June 30, 2010, but the Commissioner denied his DIB application initially and again upon reconsideration, finding Plaintiff was not disabled during the relevant period, from the onset of his disability through the date he was last insured for benefits, March 31, 2009. ECF No. 7-3 at 10; ECF No. 7-4; ECF No. 7-5 at 2–11; ECF No. 7-16 at 23.

There have been three different hearings by three different ALJs in this matter. ECF No. 7-3 at 2–61; ECF No. 7-16 at 20–46; ECF No. 7-22 at 44–110. All three ALJs found Plaintiff was not disabled during the period at issue, and all three decisions were appealed to this Court and remanded for further proceedings. ECF No. 7-17 at 2–3; ECF No. 7-23 at 2–23; ECF No. 23. The third appeal concerned a decision issued by ALJ Melvin G. Olmschield, who found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of disability through his date last insured; and had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. § 404(P)(1). ECF No. 7-22 at 20, 22.  Additionally, based on his assessment of Plaintiff's residual functional capacity (RFC), *id.* at 24–25, ALJ Olmscheid found that Plaintiff was unable to perform past relevant work but could perform other work in the national economy. *Id.* at 33, 34. ALJ Olmscheid thus found that Plaintiff was not disabled during the relevant period and did not qualify for DIB. *Id.* at 35. The ALJ's decision became the Commissioner's final decision on April 3, 2018. *Id.* at 2–6; *see* 20 C.F.R. § 404.984(b)(2).

On appeal, this Court determined that the ALJ's decision precluded meaningful review because the ALJ failed to adequately explain his conclusions. ECF No. 23 at 8. The Court further

determined that, because the record appears to contain conflicting evidence, the Court was unable to definitively conclude that there was no substantial evidence supporting the ALJ's decision. *Id.* at 12. Therefore, the Court remanded the decision for further proceedings. *Id.* at 13.

Plaintiff moved to alter or amend that judgment on October 15, 2019. ECF No. 25. Defendant opposed the motion, ECF No. 26, and Plaintiff filed a reply, ECF No. 27. Plaintiff also filed two motions for expeditious resolution of the motion to alter or amend the judgment. ECF Nos. 28, 30.

## II.    STANDARD OF REVIEW

Rule 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *See, e.g.*, *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

A rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)); *see also Kelly v. Simpson*, No. CV RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Such limitations on Rule 59(e) motions are necessary because "[w]ere it otherwise, then there would be no conclusion to motions practice,

each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the [C]ourt—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)). "[G]ranting a motion for reconsideration is an extraordinary remedy, which should be used sparingly." *Sullivan v. Washington Metro. Transit Auth.*, No. 8:19-cv-00300-GLS, 2020 WL 5500185, at *2 (D. Md. Sept. 11, 2020).

## III.    DISCUSSION

Plaintiffs argue that amendment of the judgment is required because (1) the Court failed to assess the evidence and to determine that there was no substantial evidence supporting the ALJ's decision, and (2) Plaintiff cannot participate in further proceedings due to his worsening health condition.[3] Plaintiff argues that, on both grounds, reversal and remand for award of benefits is the appropriate remedy. The Court will address the arguments in turn.

### A.  Assessment of the Facts and Law

Plaintiff maintains that amendment is necessary to "correct a clear error of law," specifically arguing (i) that the Court improperly failed to "assess the underlying facts and law" and (ii) that the Court should conclude the ALJ's decision was unsupported by substantial evidence and find reversal the appropriate remedy. ECF No. 25 at 2–3; ECF No. 25-2 at 4–13; ECF No. 27 at 7–19.

"Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties,

---

[3] Plaintiff also argues in his initial motion, although he does not raise the argument again in his reply, that there has been an intervening change in controlling law, pointing to *Kenedy v. Saul*, 781 F. App'x 184 (4th Cir. 2019). ECF No. 25-2 at 6 n.6. But *Kenedy* does not compel a different result here. Indeed, in *Kenedy*, the Fourth Circuit determined there was no substantial evidence supporting the ALJ's assessment of her residual functional capacity but nevertheless remanded the case to the agency for further proceedings. 781 F. App'x at 188. Therefore, the Court does not find Plaintiff's reference to *Kenedy* to support amendment of the judgment.

or has made an error not of reasoning but of apprehension[.]'" *Wagner v. Warden*, No. CV ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, 2015 WL 4937292 * 2 (D.S.C. August 18, 2015)). "[M]ere disagreement with the Court's previous decision will not suffice." *June v. Thomasson*, No. CV GLR-14-2450, 2016 WL 7374432, at *2 (D. Md. Dec. 20, 2016). Nor is it enough for the prior judgment to be "just maybe or probably wrong[.]" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Parts & Elec. Motors v. Sterling Elec.*, 866 F.2d 228, 233 (7th Cir. 1988)). Rather, this Court will only grant a Rule 59(e) motion to alter or amend a judgment based on a clear error of law when the prior judgment "strike[s] the court as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (quoting *Parts & Elec. Motors v. Sterling Elec.*, 866 F.2d at 233). The Court's previous decision must be "dead wrong." *Id*. (quoting *Parts & Elec. Motors v. Sterling Elec.*, 866 F.2d at 233).

Here, the Court did "assess the underlying facts and law" to determine whether or not the ALJ's decision was supported by substantial evidence. However, the Court found that "the record does appear to contain conflicting evidence, particularly with respect to the opposing testimony provided by Dr. Andert and Dr. Ansel," and that "'[g]iven the depth and ambivalence of the medical record, the ALJ's failure to adequately explain his reasoning precludes this Court . . . from undertaking a "meaningful review" of [the ALJ's findings].'" ECF No. 23 at 12 (quoting *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013)). The Court was therefore unable to "definitively conclude" based on its assessment that the ALJ's decision was unsupported by substantial evidence. *Id.* In other words, contrary to Plaintiff's assertion that "[t]his Court has not yet reviewed the evidence [or lack of it] to determine whether the ALJ's conclusions were

impossible," ECF No. 25-2 at 5, the Court conducted such a review and determined that, at this stage, it was unable to conclude the ALJ's conclusions were impossible.

The Court was not required to, as Plaintiff suggests, "make a formal finding in this case that the ALJ's decision was or was not supported by substantial evidence." *See* ECF No. 27 at 9–10. Instead, where the ALJ's "insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings," but "there is at least conflicting evidence in the record," the appropriate remedy is remand for further proceedings. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

Plaintiff repeatedly asserts that the Court should find there was no substantial evidence supporting the ALJ's decision and that it should be reversed. ECF No. 25-2 at 6–12; *see also* ECF No. 27 at 10 ("The Court must make [a] finding that a decision is unsupported by substantial evidence where, as here, material decisional conclusions lack evidentiary support in the record as a whole, or adequate rationale on material issues--and there is no more evidence to be had."). But because Plaintiff's arguments amount to disagreements and attempts to relitigate an old matter, the Court will deny Plaintiff's motion to amend on this ground.

### B. Inability to Participate in Further Proceedings

Second, Plaintiff argues that his inability to participate in further proceedings is "new evidence"[4] and would "cause manifest injustice" if the judgment is allowed to stand. ECF No. 25-2 at 2–4; ECF No. 27 at 2–6. As discussed above, remand was the appropriate remedy in this case because the Court was unable to determine that the ALJ's decision was unsupported by

---

[4] If a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)). Here, Plaintiff asserts that the health conditions preventing him from participating in further proceedings were discovered after the Court issued its judgment. ECF No. 27 at 2.

substantial evidence. Reversal, by contrast, is appropriate in the limited circumstances "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Evidence concerning Plaintiff's current medical condition and ability to participate in further proceedings is not legally relevant to this determination. Indeed, were Plaintiff's argument credited, remand would be required whenever an applicant was unable to participate in further proceedings, regardless of the state of the record. Additionally, to the extent Plaintiff argues that this new evidence prevents further investigation, and thus that "[t]here would be no purpose in remanding for additional hearing," ECF No. 27 at 6, the Court notes that it remanded the case not only for further investigation, but also for further explanation of the existing record.

Plaintiff's state of health likewise does not require amendment to "prevent manifest injustice." Courts differ in their definitions of "manifest injustice"—while some appear to consider it jointly with "clear error," *see, e.g.*, *Wagner v. Warden*, No. CV ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016), others understand it to be a separate basis for amendment, *see, e.g.*, *Oneida Indian Nation of New York v. Cty. of Oneida*, 214 F.R.D. 83, 99 (N.D.N.Y. 2003). Among those that consider it as a separate standard, there is not a single agreed-upon definition. *See, e.g.*, *Chae Bros., LLC v. Mayor & City Council of Baltimore*, No. CV GLR-17-1657, 2019 WL 1040434, at *2 (D. Md. Mar. 5, 2019) (relying on the definition in Black's Law Dictionary: "[a] direct, obvious, and observable error in a trial court"); *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007) ("Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'") (quoting *Pacific Gas &*

*Electric v. United States*, 74 Fed. Cl. 779, 785 (2006)); *Mohammadi v. Islamic Republic of Iran*, 947 F.Supp.2d 48, 78 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015) (finding manifest injustice requires "at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law."). Ultimately, "although '[t]he term "manifest injustice" eludes precise definition,' it is clear that 'manifest injustice' is an exceptionally narrow concept in the context of a Rule 59(e) motion." *Id.* (quoting *Roane v. Gonzales*, 832 F.Supp.2d 61, 64 (D.D.C. 2011)); *see also Westerfield v. United States*, 366 F. App'x 614, 620 (6th Cir. 2010) ("The manifest injustice standard presents plaintiff with a high hurdle.").

Plaintiff does not meet that high bar here. While the Court acknowledges Plaintiff may be prejudiced by his inability to participate in a fourth hearing, that consequence does not stem from an error in the judgment nor is the judgment fundamentally unfair in light of governing law. Moreover, although Plaintiff argues the Court's judgment will prejudice Plaintiff for the errors of the ALJ, as "[f]urther proceedings would only delay payment of his benefits," ECF No. 25-2 at 2, Plaintiff's assertion assumes that, on remand, the ALJ will not be able to sufficiently explain his decision on the basis of substantial evidence. But the Court's prior judgment found that it was possible the ALJ would be able to do so, preventing a determination of outright reversal. Therefore, the Court denies Plaintiff's motion to amend the judgment.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment is denied, and Plaintiff's motions to expedite are denied as moot. A separate Order shall issue.

Date: <u>November 10, 2020</u>                    /s/_____

GEORGE J. HAZEL
United States District Judge